**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO.  1:08CV80**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **THOMAS W. HILL** | ) | |
| | ) | |
| **Debtor.** | ) | |
| ——————————————— | ) | |
| | ) | |
| **THOMAS W. HILL,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| **Vs.** | ) | **MEMORANDUM AND** |
| | ) | **O R D E R** |
| **DAVID R. HILLIER, Bankruptcy** | ) | |
| **Trustee,** | ) | |
| | ) | |
| **Appellee.** | ) | |
| ——————————————— | ) | |

**THIS MATTER** is before the Court on a Notice of Appeal filed by

Debtor-Appellant Thomas W. Hill (hereinafter the Appellant), which

challenges an order entered March 6, 2008, by United States Bankruptcy

Judge George R. Hodges.[1]  **Notice of Appeal, filed March 13, 2008.**

---

[1] The Bankruptcy Court issued an amended order on March 20,
2008.  This Court will presume that the instant appeal also encompasses
the amended order.

Attached to the appeal are (1) an "emergency motion to stay bankruptcy court proceedings during pendency of appeal" and (2) a "submission under 28 U.S.C. § 144, seeking assignment other than Judge Thornburg." **Exhibits 3 and 4,** *attached to* **Notice of Appeal,** *supra*. The Trustee in the Appellant's bankruptcy case, David R. Hillier, opposes the Appellant's notice of appeal and motion to stay. **Brief of Appellee, filed May 8, 2008.** Also before the Court is a motion to intervene in the appeal, filed by Michael T. Hill, as Trustee of the Thomas W. Hill Family Trust. **Motion to Allow Intervention, filed March 13, 2008.**

## I. PROCEDURAL HISTORY

The instant pleadings, collectively, represent the second instance in which the Appellant has come before this Court in an attempt to appeal a ruling of the Bankruptcy Court in his pending Chapter 7 case. *See* **Memorandum and Order of Dismissal,** *In re: Hill*, **Civil Case No. 1:04CV55, filed June 10, 2004 (denying a series of six motions filed by the Appellant in an attempt to appeal a previous order of the Bankruptcy Court) (hereinafter Order of June 10, 2004).** In addition to his bankruptcy appeal, the Appellant has also appeared before the Court in

numerous other matters, many of which have resulted in warnings, cautions against frivolous filings, or pre-filing injunctions.  ***See Hillier v. Thomas W. Hill Family Trust*, No. 1:05MC2 (filed January 24, 2005); *Neill, et al. v. Hill*, No.1:03 CV127 (filed May 23, 2003); *Hill v. Hunt, et al.*, No. 1:01CV64 (filed March 29, 2001); *In re: Hill, et al.*, 1:00MC6 (filed February 3, 2000).**  Moreover, the Appellant has been involved in multiple cases in state court.  **See Order of June 14, 2004, *supra*, at 3 n.1 (cataloguing the Appellant's progression through state court).**  As the undersigned has previously noted, the heart of this endless litigation appears to be the Appellant's "vendetta against his siblings over his mother's estate."  *Id.* **at 6.**

The instant appeal challenges the Bankruptcy Court's March 6, 2008, order, as amended on March 20, 2008.   This order enforces the terms of a settlement agreement that was previously entered in the Appellant's Chapter 7 case.  **Corrected Order Allowing Trustee's Motion to Hire Auctioneer and Denying Debtor's Motions to Stay Proceeding and Set Aside Purported Settlement Agreement, filed March 20, 2008, Bankruptcy Case No. 03-11498.**  Specifically, the order denies the Appellant's motions to stay the proceeding and set aside the settlement

agreement.  *Id.* **at 2.**  It also allows the Bankruptcy Trustee to proceed with the hiring of an auctioneer to sell property as provided in the settlement agreement.  *Id.*   The order notes that actions based upon the settlement agreement – such as the appointment of the auctioneer – should not be delayed as a result of the Appellant's petition for re-hearing of his case in the North Carolina Supreme Court, "as the decision of the North Carolina Supreme Court, like any Final Decision, is capable of being executed upon."  *Id.* **at 2.**

## II.  ANALYSIS

### A.  Motion to Intervene

The Court will begin by addressing the motion to intervene filed by Michael T. Hill, as Trustee of the Thomas W. Hill Family Trust.  His motion requests intervention of right pursuant to Federal Rule of Civil Procedure 24(a)(2), which provides:

> On timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represented that interest.

**Fed. R. Civ. P. 24 (a)(2).** In the Fourth Circuit, a party seeking intervention of right must demonstrate, "first, an interest sufficient to merit intervention; second, that without intervention, its interest may be impaired; and third, that the present litigants do not adequately represent its interest." ***Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976).** As to the third factor, "when the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." ***Id.***

In this case, Michael Hill's motion to intervene states that the challenged settlement order "allows Hillier [the Bankruptcy Trustee] to sell at auction property owned by the Family Trust." **Motion to Allow Intervention, *supra*, at 1.** This allegation, if taken as true, is sufficient to meet the first two prongs of the *Westinghouse* test, both of which address the extent of the would-be intervenor's interest in the case. Nonetheless, as to the third prong – that the present litigants do not adequately represent Michael Hill's interest – the Court remains unconvinced. Michael Hill's motion to intervene states only that "the interests of the Family Trust are not identical to the interests of [the Appellant]." ***Id.*** This assertion

may or may not be true with respect to the sum total of the bankruptcy litigation, but the sole purpose of this particular appeal is undoubtedly to convince this Court to set aside the Bankruptcy Court's order of March 6, 2008 – an outcome urged by both Appellant and Michael Hill. Michael Hill's bare representation that his interests are "not identical" with the Appellant's interests does not meet the *Westinghouse* requirement of "adversity of interest, collusion, or nonfeasance." The Court, therefore, concludes that Michael Hill's intervention of right under Rule 24(a)(2) is not appropriate in this case. It follows that an additional motion filed by Michael Hill on March 13, 2008, requesting "summary remand," is moot.

**B. Appeal From Bankruptcy Order**

As to the Appellant's appeal of the Bankruptcy Court's March 6, 2008, Order, the undersigned notes that, because the Chapter 7 case is ongoing, any appeal from the Bankruptcy Court's order is necessarily interlocutory. ***See Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 319 (4th Cir. 2003) (defining an interlocutory order as "'one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be**

**taken in order to enable the court to adjudicate the cause on the merits'" (quoting *Black's Law Dictionary* 815 (6th ed. 1990))).**

Pursuant to 28 U.S.C. § 158(a)(2), this Court has jurisdiction to hear interlocutory appeals from bankruptcy orders, in its own discretion.  As one district court judge has observed:

> The statutory language of [28 U.S.C. § 158] . . . provides no guidance as to how that discretion should be exercised.  Most courts have analogized to the standards set forth in 28 U.S.C. § 1292(b), the statute governing discretionary appeals of interlocutory orders in non-bankruptcy litigation: (1) whether the order involves a controlling question of law as to which there is substantial ground for difference of opinion; and (2) whether immediate appeal would materially advance the termination of the litigation.

*In re Hebb*, 53 B.R. 1003, 1006 (D. Md. 1985).  In this case, neither of the *Hebb* factors are present:  there can be no true difference of opinion as to the propriety of the challenged order, and the immediate appeal would serve to prolong, rather than advance, the termination of this litigation. Therefore, the Court declines to exercise its discretion to hear the instant appeal.  It follows that the Appellant's "emergency motion" for stay is moot.

## C.  Appellant's Motion for Recusal

The Court will also address the Appellant's request that his appeal be assigned to a judge other than the undersigned.  As authority for his request, the Appellant cites Title 28, Section 144 of the United States Code, which provides:

> Whenever a party to any proceeding in district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

**28 U.S.C. § 144.**

The Fourth Circuit has observed that "[a] judge need not recuse himself because of unsupported, irrational, or highly tenuous speculation. [T]o constitute grounds for disqualification, the probability that a judge will decide a case on a basis other than the merits must be more than trivial." ***United States v. Miller***, **221 F. App'x 182, 185 (4th Cir.),** ***cert. denied***, **128 S. Ct. 143 (2007) (internal citations and quotation marks omitted).** In this case, the Appellant merely recites a litany of unfavorable rulings, but

states no facts or reasons to support his belief of bias or prejudice on the part of the undersigned. Rather, in the words of *Miller*, his request appears to be both trivial and irrational, and will be denied.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Appellant's notice of appeal is hereby **DISMISSED**, and the Orders of the Bankruptcy Court entered March 6, 2008, and amended March 20, 2008, are hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Appellant's emergency motion for stay, his request and supplement thereto for recusal of the undersigned, and his motion for a ruling by the Chief Judge on his motion for recusal  are hereby **DENIED**.

**IT IS FURTHER ORDERED** that Michael Hill's motions to intervene and for summary remand are hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Appellant's motion to "end all federal litigation" is **DENIED** as frivolous.

Signed: June 4, 2008

Lacy H. Thornburg
United States District Judge