# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:08CV80

| | |
|---|---|
| IN RE: )<br>    THOMAS W. HILL )<br>)<br>               Debtor. )<br>)<br>)<br>THOMAS W. HILL, )<br>)<br>              Appellant, )<br>)<br>    Vs. )<br>)<br>DAVID R. HILLIER, Bankruptcy )<br>Trustee, )<br>)<br>              Appellee. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on Appellant Thomas Hill's *pro se* motion for reconsideration, filed June 13, 2008. Appellant's motion challenges the Court's Memorandum and Order issued June 4, 2008 (hereinafter, the "June 4 Order"), which dismissed Appellant's appeal from a Bankruptcy Court order entered March 6, 2008, and amended March 20, 2008. The June 4 Order also denied Appellant's motion for recusal of the

undersigned.  For the reasons stated herein, the instant motion for reconsideration is denied.

## I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) allows a party to move "to alter or amend a judgment" by making a motion for reconsideration.  **Fed. R. Civ. P. 59(e).**  The Fourth Circuit has recognized three grounds for granting Rule 59(e) relief: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; [and] (3) to correct a clear error of law or prevent manifest injustice."  **Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir.1993).**  "'The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  **Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed.1995)).**

## II. ANALYSIS

The instant motion re-argues several points previously ruled on in the June 4 Order, including the propriety of allowing Appellant's son, Michael Hill, to intervene in the appeal and the necessity for recusal of the undersigned. **Appellant's Motion for Reconsideration of Appeal and Attendant Motions, filed June 13, 2008, at 2-3.** The Court has already considered these arguments and found them unpersuasive, and the reasons will not be repeated here. *See Pac. Ins.*, **148 F.3d at 403 (barring use of Rule 59(e) for relitigation of old matters).**

Appellant also presents numerous arguments concerning problems he alleges occurred in his bankruptcy proceedings.[1] He claims the undersigned failed to address these issues in the June 4 Order. The June 4 Order, however, was directed solely at Appellant's notice of appeal from the March 6, 2008, order of the Bankruptcy Court (as amended on March 20, 2008) and accompanying motions such as Michael Hill's motion to intervene and Appellant's motion for recusal. The other matters discussed

---

[1] For example, Appellant contends that federal law prohibits the filing of an involuntary bankruptcy petition "wherein the amount is in dispute at the time of filing, as is inarguably the situation here." **Motion for Reconsideration,** *supra*, **at 4.**

in the instant motion were not before the Court at that time. The Court was thus unable to address them in the June 4 Order and, likewise, is unable to do so now.

Finally, Appellant objects to the June 4 Order's characterization of his appeal as interlocutory. He asserts that, because the Bankruptcy Court order that formed the basis of his appeal directed the disposal of property by an auctioneer, the order is necessarily "final" and "consideration of the matter at a later date cannot afford [him] relief." **Motion for Reconsideration,** *supra***, at 3**. Labeling his appeal "interlocutory," he contends, is "legalistic." *Id.* **at 4.** Appellant's arguments are misplaced. As the Court explained in the June 4 Order, a district court's review of orders issued in the course of ongoing bankruptcy proceedings is necessarily narrow in scope. *See* **Memorandum and Order, filed June 4, 2008, at 6-7 (describing standard of review of interlocutory bankruptcy orders).** Moreover, review of such orders is entirely within the district court's discretion. *Id*. Here, the undersigned has determined that review of the Bankruptcy Court's March 2008 order is not appropriate at this time, and the Court declines to re-examine that decision.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Appellant's motion for reconsideration is hereby **DENIED**.

Signed: July 23, 2008

Lacy H. Thornburg
United States District Judge