# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:08CV80

| | |
|---|---|
| IN RE:<br>    THOMAS W. HILL<br><br>                Debtor.<br><br>THOMAS W. HILL,<br><br>                Appellant,<br><br>    Vs.<br><br>DAVID R. HILLIER, Bankruptcy Trustee,<br><br>                Appellee. | <br><br><br><br><br><br><br><br><br><br>**O R D E R** |

**THIS MATTER** is before the Court on Appellant's *pro se* motion for leave to proceed on appeal *in forma pauperis* and for stay during pendency of the appeal. For the reasons stated below, the motion is denied and, pursuant to 28 U.S.C. § 1914(a)(3), the Court certifies that the appeal is not taken in good faith.

## I. PROCEDURAL HISTORY

Appellant Hill has been involved in lawsuits in both state and federal court for nearly a decade, often in a *pro se* capacity.  **See Order, filed June 4, 2008, at 3 (listing four federal lawsuits prior to this one, as well as many state lawsuits dating back to 1999).**  As the undersigned has previously noted, "the heart of this endless litigation appears to be the Appellant's vendetta against his siblings over his mother's estate." *Id.* **(internal quotation marks omitted).**

The most recent round of litigation has its origins in Appellant's involuntary bankruptcy.  In March 2008, in the course of the Chapter 7 proceedings, the Bankruptcy Court issued an order enforcing a settlement agreement, which Appellant opposed.  **See Corrected Order Allowing Trustee's Motion to Hire Auctioneer and Denying Debtor's Motions to Stay Proceeding and Set Aside Purported Settlement Agreement, filed March 20, 2008, Bankruptcy Case No. 03-11498.**  Among other things, the order instructed the Bankruptcy Trustee to proceed with those portions of the settlement agreement which authorize the hiring of an auctioneer to sell the bankruptcy estate's real property.  *Id.*

The Appellant has challenged the March 2008 bankruptcy order in every conceivable way – up to and including motions for recusal of the undersigned – in an attempt to get the order overturned.  **See Order of June 4, 2008, *supra*, at 8.**  Thus far, however, his efforts have been in vain.  As the Court has previously explained, the bankruptcy court order, to which the Appellant so vehemently objects, is interlocutory.  *Id.* **at 6-7;** *see also* **Order, filed July 23, 2008, at 4 (denying Appellant's motion for reconsideration and explaining for the second time why the Court declines to review the March 2008 bankruptcy order).**  Moreover, despite numerous filings, Appellant has not shown any compelling reason why the Court should, in its discretion, disrupt ongoing bankruptcy proceedings to review what appears to be a meritless appeal.

Appellant, thus far undeterred by his lack of progress, now proposes to take his fight to the Fourth Circuit.  **See Notice of Appeal to the Fourth Circuit, filed August 13, 2008.**  He requests leave to proceed on appeal *in forma pauperis*, that is, "without prepaying or giving security for the fees and costs" of appeal.  **Fed. R. App. P. 24(a)(2);** *see* **Motion for Leave to Proceed in Forma Pauperis and Motion to Stay During Pendency of Appeal, filed August 13, 2008, at 1.**  In the same motion, Appellant also

moves the Court to stay its previous orders in this litigation pending the outcome of his appeal. *Id.* at 2.

## II. ANALYSIS

Federal Rule of Appellate Procedure 24, which governs *in forma pauperis* applications, provides:

> (a) **Leave to Proceed in Forma Pauperis.**
>   (1) **Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>     (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>     (B) claims an entitlement to redress; and
>     (C) states the issues that the party intends to present on appeal.
>   (2) **Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

**Fed. R. App. P. 24(a)(1)-(2).** Title 28, United States Code, Section 1915(a)(3), provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The

Fourth Circuit has elaborated on the district court's duties in this regard. "Where the district court certifies that the appeal is not taken in good faith, it must show 'not merely that the appeal lacks merit, but that the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant.'" **Harvey v. Taylor Country Farms, Ltd.**, **968 F.2d 1211 (table), 1992 WL 166502, at *2 (4th Cir. 1992) (quoting** *Liles v. S.C. Dep't of Corrections***, 414 F.2d 612, 614 n.1 (4th Cir. 1969)).**

In this case, the Appellant's obfuscatory arguments do indeed achieve the level of frivolity described in *Harvey*. Even making allowances, as the Court must, for those who proceed *pro se*, there is simply no legal basis for his arguments as to the alleged impropriety of the Bankruptcy Court's March 2008 order. Indeed, even the most liberal construction of Appellant's challenges to the March 2008 bankruptcy order yields no fruit. These arguments would doubtless be dismissed regardless of whether or not Appellant was indigent. While the undersigned is not unsympathetic to the plight of those who lose their homes in bankruptcy proceedings, the Court is unable to ascribe legal merit to Appellant's arguments where none exists.

The Court also notes the failure of Appellant's *in forma pauperis* application to comply with Appellate Rule 24. Specifically, it does not contain "the detail prescribed by Form 4 of the Appendix of Forms." **Fed. R. App. P. 24(a)(1)(A).** For example, Form 4 requires a detailed employment history, including a list of former employers, their addresses, the dates of employment, and the applicant's gross monthly pay. **Appendix of Forms, Form 4, Fed. R. App. P, ¶ 2.** Appellant's declaration, by contrast, merely states, "At the time I retired in July 1997, I was working as a consultant in the field of space physics, which is my chosen profession. I was paid on a 'per task' and sporadic basis, and I do not recall the amount of the last paycheck I received, nor do I have records thereof." **Motion for Leave to Proceed in Forma Pauperis,** *supra*, **at 3.** Other required details, such as an itemized estimate of average monthly expenses, are missing entirely. *See* **Form 4,** *supra*, **¶ 8.** The affidavit, in short, fails to give an adequate picture of Appellant's finances, such that the Court can fairly decide the merits of the *in forma pauperis* application.

In sum, the vagueness and lack of detail in Appellant's affidavit, coupled with the evident frivolity of the merits, combine to persuade the Court that a lack of good faith basis for appeal exists in this case, and that

the application to proceed *in forma pauperis* should be denied.  Likewise, the motion for stay pending appeal is also denied.

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that Appellant's application for leave to proceed on appeal *in forma pauperis* is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Appellant's motion for stay of this Court's previous orders pending appeal is hereby **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1914(a)(3), the Court hereby certifies that Appellant's appeal is not taken in good faith.

Appellant is notified that he may renew this motion in the Fourth Circuit Court of Appeals within thirty days of service of this Order.

Signed: August 21, 2008

Lacy H. Thornburg
United States District Judge